Johnson J.
delivered the opinion of the Court.
In the absence of an express promise on the part of the defendant, to pay for the board and tuition of ward, the question arises, whether the law will raise a promise by implication, out of these circumstances.
The action of assumpsit, was originally framed to cover a variety of cases, for which the common law had provided no appropriate remedy; it is sometimes called an equitable action, and the count for money had and received, is somewhere said to be a little bill in Equity, and lies, it is agreed on all hands, to recover money to which the plaintiff is entitled ex equo et bono; or in the language of Lord Mansfield in Moses and Macfarlin 2 Bur. 1012, wherever the defendant is *280 bound by the ties of natural justiee'and equity, to pay it: and in the absence of an express agreement to pay, the law implies it, in all these eases. But the princi-P^e does not apply to cases, where the party to be charged, has done no wrong to the plaintiff, nor derived a benefit from the transaction, out of which it is attempted to raise the assumpsit.
The defendant’s ward had no authority to bindhinr by express contract. The board and tuition, was furnished the ward at his request alone, and if the plaintiff has suffered loss, it was the consequence of a confidence reposed in the ward, which he cannot visit upon the defendant. If a benefit has resulted, the ward and not the defendant, has enjoyed it. The defendant has therefore of himself, neither occasioned a loss to the plaintiff, nor has he derived any benefit from the contract. He cannot therefore be. personally liable.
Is the guardian liable, for necessaries furnished the ward, in respect to his fortune which he may have in his possession? If a guardian should wilfully withhold from his ward, necessaries suited to his fortune and condition in life, Equity would compel him to supply them, and if a stranger ad interim should furnish them, he would probably be reimbursed by the Court of chancery, out of the infant’s fortune. But supposing that to be the true state of the facts here, and that a court of law could furnish the relief, there is no evidence that the board and tuition was suited to the fortune and condition of the defendant’s ward, and none that the defendant was possessed of one cent which belonged to him; and to charge the defendant, would be imposing on him a liability created by another, without any certainty that he had any means of indemnity.
The-case itself, furnishes a very full illustration of the principle. The defendant’s ward contracted with the plaintiff, according to the evidence, for a term’s board and tuition, to consist of twenty-three 'vtuleks: and in a month or six weeks,'leaves him, 'a'ftcheng’sges board and tuition at another place, and if he is«3?rmtled to charge his guardian, or his own es~ *281 tate by contracts of this sort, however necessary board and tuition might be, but a little time would be neces-Sai'y tO ruin both.
Hill, for the motion.
Player, contra.
It is said that the defendant knew that his ward had made this engagement, and did not give notice of his dissent. The plaintiff ought to have known, that the ward had no authority to bind his guardian by his contract. He ought not to have contracted with him, without his assent — without it he could not know, that he was not deranging all the plans which the guardian had projected for the advancement of his ward, oí that he was seducing him by the facilities which he afforded, into an expense not justified by his fortune and rank in life; andón the other hand, the defendant could not know, that the plaintiff bad not contracted with the ward, trusting to his own responsibility; andin whatever view that matter is put, the probable inferences are against the plaintiff.
On principle, the case is clearly against the plaintiff; a guardian is not personally bound by the contract of his ward, even for necessaries, nor have 1 been able to find one case, or dictum, which charges him on a promise raised by implication, from the circumstance that he did not give notice of his dissent.
The motion for a non-suit is therefore granted.
O’Neall & Harper Js. concurred.